IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERMAN JILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 3662 |
| | ) |
| COOK COUNTY DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM ORDER

Sherman Jilton ("Jilton") has just filed a 42 U.S.C. §1983 Complaint in which he names as defendants the Cook County Department of Corrections ("County Jail"), its Director Salvador Godinez and Cook County Sheriff Tom Dart. Both the Complaint and Jilton's accompanying In Forma Pauperis Application ("Application") use the forms provided by this District Court's Clerk's Office for that purpose.

First this Court addresses the Application, which is accompanied by a printout reflecting the transactions in Jilton's trust fund account as called for by 28 U.S.C. §1915.[1] That printout reflects average monthly deposits of $9.38 to the account during the most recent six-month period that it covers. On that basis Jilton's required initial payment on account of the $350 filing fee comes to $1.88 (see Section 1915(b)(1)), and under the formula prescribed by Congress in that same section

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Jilton is liable for the entire $350 filing fee, to be paid in installments beginning with that initial amount.  Accordingly County Jail's trust fund officer is ordered to collect $1.88 from Jilton's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>
>Attention:  Fiscal Department

After such payment the trust fund officer at County Jail (or at any other correctional facility where Jilton may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  Both the initial payment and all future payments shall clearly identify Jilton's name and the 07 C 3662 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

To turn now to this Court's screening task under Section 1915A(a), Jilton has clearly failed to state a claim upon which relief may be granted.  What Complaint ¶V sets out are two grievances:

1. On March 1 of this year Director Godinez initiated a policy under which all detainees at the County Jail are confined to their cells for a half day, thus halving the previously-available dayroom time. That change, although of course more restrictive, is simply not cognizable as a violation of the detainees' constitutional rights.

2. Jilton also complains of the unavailability of hot water in the County Jail's Division 1, to which he is assigned. In that respect Jilton's attached photocopies of his grievance and the response are really not legible, but they reflect that he has not fully exhausted his administrative remedies as required by 42 U.S.C. §1997e(a) as a precondition to his bringing suit.

Under Section 1915A(b)(1) such failure to state a claim upon which relief may be granted calls for dismissal of the Complaint. Both the Complaint and this action are therefore dismissed, and such dismissal gives rise to a "strike" for purposes of Section 1915(g).

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 5, 2007